UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S.M., et al., | ) |
| | ) |
|         Plaintiffs, | ) |
| | ) |
| vs. | )   Case no. 4:12cv02276 PLC |
| | ) |
| LINCOLN COUNTY, | ) |
| MISSOURI, et al., | ) |
| | ) |
|         Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court[1] on Defendant[2] Lincoln County's second motion for summary judgment [Doc. 126] on the two remaining failure-to-supervise claims[3] under 42 U.S.C. Section 1983 pursued by S.M., K.W., K.S., and L.M. (collectively "Plaintiffs").[4] In 2014, the court denied Lincoln County's first motion for summary judgment, which it had filed jointly with Sheriff Michael Krigbaum. Mem. and Order, filed Nov. 18, 2014 [Doc. 95]. Between the denial of Lincoln County's first motion for summary judgment and its filing of the second motion, the United States Court of Appeals for the Eighth Circuit reversed this court's denial of

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2] Claims against defendants Scott Edwards, Heather Graham-Thompson, and Sheriff Michael Krigbaum, who were sued in their individual capacities, are resolved.

[3] In 2009 and 2010, Plaintiffs were participants in Missouri's 45th Judicial Circuit Drug Court, which includes Lincoln County. (Original Compl. [Doc. 1]; Intervenor Compl. [Doc. 47]; see also United States v. Edwards, No. 4:11CR00463 AGF (E.D. Mo. filed Nov. 3, 2011).) Plaintiffs' claims arise out of Edwards' alleged sexual contact with Plaintiffs while he was employed as a Lincoln County deputy sheriff and tracker for the Drug Court during that time.

[4] An additional plaintiff, C.A., formerly known as C.H., also filed claims against the four defendants. (Counts IV through VI of the Original Compl. at 9-12 and 17-20, filed Dec. 10, 2012 [Doc. 1].) The parties stipulated to her dismissal as a litigant due to the resolution of her claims during prior proceedings [Doc. 148].

summary judgment as to Defendant Krigbaum, on the ground he was entitled to qualified immunity.  S.M. v. Krigbaum, 808 F.3d 335 (8th Cir. 2015).

Following the Eighth Circuit's decision, Lincoln County sought the court's reconsideration of the denial of Lincoln County's first motion for summary judgment [Doc. 111].  Although the court denied Lincoln County's motion for reconsideration, the court granted Lincoln County an opportunity to file a second motion for summary judgment to address the Eighth Circuit's decision.

**Discussion**

Lincoln County and Sheriff Krigbaum filed a joint motion for summary judgment in 2014 [Doc. 68].  Sheriff Krigbaum alleged he was entitled to qualified immunity with respect to Plaintiffs' allegations.  Lincoln County argued it was entitled to summary judgment because it had no duty to supervise Edwards in his role as the Drug Court tracker.  Lincoln Cnty.'s Mem. Supp. first Mot. Summ. J. at 3-9 [Doc. 70].  In support of its argument, Lincoln County contended that the Missouri legislature authorized circuit courts, rather than counties, to establish drug courts; the Drug Court is subject to judicial supervision; and, therefore, Lincoln County lacked authority to supervise Edwards.  Lincoln County additionally contended that Plaintiffs failed to establish the deliberate indifference needed to impose municipal liability on Lincoln County pursuant to 42 U.S.C. § 1983.  Id. at 9-12.

In November 2014, the court denied the joint motion.  Mem. and Order, filed Nov. 18, 2014 [Doc. 95].  The court concluded that Sheriff Krigbaum was not entitled to qualified immunity and that there was a genuine issue of material fact with respect to Lincoln County's and Sheriff Krigbaum's "ability and duty to supervise Edwards and about [the Sheriff]'s involvement with Drug Court and its policies."  Id. at 41.  The court also noted

> a failure to use authority that is possessed is not the same as a lack of such authority. See Tilson v. Forrest City Police Dep't, 28 F.3d 802, 807 (8th Cir. 1994) ("[I]naction or laxness can constitute government custom if it is permanent and settled" and if it is "the moving force behind the constitutional violation.").

See Mem. and Order, filed Nov. 18, 2014, at 45 [Doc. 95].

Sheriff Krigbaum filed an interlocutory appeal from the court's denial of summary judgment. Lincoln County did not appeal the court's determination as to it.[5] Addressing only Sheriff Krigbaum's liability in his individual capacity, the Eighth Circuit concluded he was entitled to qualified immunity and reversed the court's denial of his motion for summary judgment. Krigbaum, supra.

Following the Eighth Circuit's decision, Lincoln County filed a Motion to Reconsider Defendant Lincoln County's Motion for Summary Judgment [Doc. 111]. At a status conference held on the matter, the court denied the Motion to Reconsider and stated that a motion for summary judgment addressing the Eighth Circuit's decision might be appropriate.

Subsequent to the status conference, as well as a failed attempt at mediation, Lincoln County filed a second motion for summary judgment. The second motion presents the same grounds Lincoln County asserted in its first summary judgment motion. Lincoln County has not presented any new evidentiary material[6] or change in the law occurring since the filing of Lincoln County's first motion and the court's denial of that motion. However, Lincoln County does discuss its view of the impact of the Eighth Circuit's decision in Sheriff Krigbaum's appeal. Because the evidentiary record supporting and opposing Lincoln County's second summary judgment does not contain evidentiary material available only after the court's denial of Lincoln

---

[5] In general, the Eighth Circuit lacks jurisdiction over an immediate appeal from a denial of summary judgment in a Section 1983 case in the absence of a determination of qualified immunity issues. See, e.g., Lenderman v. St. Louis Metro. Police Dep't Bd. of Police Comm'rs, 725 F.3d 843, 854 (8th Cir. 2013).

[6] The court assumes that the parties are familiar with the available record.

County's first motion, the court does not alter the factual determinations the court made in resolving Lincoln County's first motion. Finding no basis for revisiting the court's earlier decision, the court declines to consider the second motion to the extent that it asks this court to revisit matters previously addressed by this court in resolving Lincoln County's first summary judgment motion.

    A.  *Summary Judgment Standard*

Rule 56(a) of the Federal Rules of Civil Procedure mandates the entry of summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." MidAmerican Pension and Emp. Benefits Plans Admin. Comm. v. Cox, 720 F.3d 715, 718 (8th Cir. 2013); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (discussing prior Rule 56(c), the predecessor Rule 56(a)). "The movant 'bears the initial responsibility of informing the . . . court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Celotex Corp., 477 U.S. at 323) (last two alterations in original). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing a genuine issue for trial.'" Id. (quoting Celotex Corp., 477 U.S. at 324). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the applicable law." Hammer v. City of Osage Beach, Mo., 318 F.3d 832, 837 (8th Cir. 2003). "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Torgerson, 643 F.3d at 1042 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).

### B. *Defendant's Second Motion for Summary Judgment.*

Lincoln County seeks entry of judgment in its favor based on certain findings and conclusions of the Eighth Circuit in Sheriff Krigbaum's appeal. In general, Lincoln County's argument focuses on two aspects of the Eighth Circuit's decision in Krigbaum, supra. First, Lincoln County urges that the finding that Sheriff Krigbaum was qualifiedly immune from suit in his individual capacity bars a determination that Lincoln County is liable for failing to supervise Edwards. Second, Lincoln County contends that the Eighth Circuit's decision established an absence of deliberate indifference required for municipal liability.

Lincoln County's first argument, that summary judgment in its favor is appropriate because the Eighth Circuit concluded Sheriff Krigbaum is qualifiedly immune, is not persuasive in the context of this case. Here, it appears that Lincoln County acknowledges that its employee, Edwards, engaged in unconstitutional conduct.[7] Thus, although Sheriff Krigbaum might not be personally liable, Plaintiffs have unquestionably asserted a constitutional injury that provides a basis for Section 1983 liability. Moreover, even if a municipal employee is not personally liable because of qualified immunity, "[a] municipality that operates under a policy or custom that deprives a citizen of his or her rights may be liable under § 1983." Tilson, 28 F.3d at 813 (J. Lay, dissenting). Put another way, "[a] municipality may not assert qualified immunity as a defense." Id.; see Owen v. City of Independence, Mo., 445 U.S. 622 (1980); see also Kuha v. City of Minnetonka, 365 F.3d 590, 603 (8th Cir. 2003) ("Even though we find that the defendant officers are entitled to qualified immunity protection, we must still address the question of

---

[7] Lincoln County Deputy Sheriff Edwards pleaded guilty to sexual abuse of and sexual misconduct toward Plaintiffs in violation of their federal constitutional right to bodily integrity under color of law. See Indictment [Doc. 2] and Guilty Plea Tr. at 12, and 26-32 [Doc. 51] in United States v. Edwards, No. 4:11CR00463 AGF (E.D. Mo. filed Nov. 3, 2011); Original Compl. para. 71; Lincoln County's Mem. Supp. First Mot. Summ. J. at 1 [Doc. 70].

municipal liability."), abrogated on other grounds, Szabla v. City of Brooklyn Park, 486 F.3d 385 (8th Cir. 2007) (*en banc*).

Lincoln County also argues, in essence, that the Eighth Circuit's determination that Sheriff Krigbaum is entitled to qualified immunity forecloses a determination that Lincoln County was deliberately indifferent. The court disagrees. In assessing Sheriff Krigbaum's liability, the Eighth Circuit applied a subjective standard, requiring a "level of culpability equal to the criminal law definition of recklessness." Krigbaum, 808 F.3d at 341 (internal quotation marks omitted) (quoting B.A.B., Jr. v. Board of Educ. of St. Louis, 698 F.3d 1037, 1040 (8th Cir. 2012)). Thus, to prove Sheriff Krigbaum's liability, Plaintiffs needed to demonstrate that Sheriff Krigbaum "*personally knew* of the constitutional risk posed by [his] inadequate training or supervision of Edwards." Id. (emphasis in original). As Plaintiffs acknowledged, if Krigbaum did not have actual knowledge of Edwards' conduct, "he . . . escapes liability." Id.

By contrast, when evaluating municipal liability, the Eighth Circuit noted in Krigbaum that, "the Supreme Court applied an objective standard of deliberate indifference to a failure-to-supervise claim . . . in Canton v. Harris, 489 U.S. 378, 390 (1989)." 808 F.3d at 341 n.3. The Eighth Circuit has also explained that the "purely objective" standard allows municipal liability "to be premised on obviousness or constructive notice." Walton v. Dawson, 752 F.3d 1109, 1117 (8th Cir. 2014) (internal quotation marks omitted) (quoting Farmer v. Brennan, 511 U.S. 825, 841 (1994)). Thus, a municipality might be "liable for a risk it *should have* known even if all of its employees in supervisory roles *did not* know of the risk and are thus not liable." Id. at 1118 (emphasis in original).

This observed distinction comports with the case law allowing Section 1983 plaintiffs to establish a municipality's deliberate indifference for a failure to train claim by showing the

municipality has notice of the training's inadequacy either because the failure to train is so likely to result in constitutional violations that the need for training is patently obvious or because there is a pattern of municipal employees' misconduct indicating that the municipality's responses to a regularly recurring situation is insufficient to protect constitutional rights.  See Larkin v. St. Louis Housing Auth. Dev. Corp., 355 F.3d 1114, 1117 (8th Cir. 2004); accord Larson by Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996) (*en banc*) (noting the defendant school district need not have notice of a pattern of unconstitutional behavior if the failure to train is so likely to result in a violation of constitutional rights that the need for training is patently obvious).  As the Supreme Court has noted, it "sought [in Canton] not to foreclose the possibility . . . that the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." Connick v. Thompson, 563 U.S. 51, 64 (2011).  These methods of establishing Lincoln County's notice of the inadequacy of its supervision of Edwards in his role as tracker apply to Plaintiffs' remaining failure-to-supervise claims, because the analysis of a failure to supervise claim under Section 1983 is the same as the analysis of a failure to train claim under Section 1983.  See, e.g., Liebe v. Norton, 157 F.3d 574, 579 (8th Cir. 1998) ("both [failure to train and failure to supervise] claims ultimately require the same analysis").

     Having considered the impact of the Krigbaum decision, the court concludes that Lincoln County has not established a basis for reversing the court's earlier determination that Lincoln County is not entitled to summary judgment.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lincoln County's second motion for summary judgment [Doc. 126] is **DENIED**.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of June, 2016.