UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S.M., *et al.* | ) |
| | ) |
|     Plaintiffs, | ) |
| | )   No. 4:12-cv-02276-PLC |
| v. | ) |
| | ) |
| LINCOLN COUNTY, *et al.* | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFFS' AND INTERVENORS' TRIAL BRIEF**

Come now Plaintiffs S.M. and K.W., by counsel W. Bevis Schock and Hugh A. Eastwood, and Intervenors K.S. and L.M., by counsel W. Bevis Schock, Hugh A. Eastwood and Michael J. Fagras, and state for their Trial Brief:

**PARTIES**

Plaintiffs are four attractive young vulnerable women whose civil rights were violated when they were sexually assaulted by Defendant Lincoln County Sherriff's Department Lt. Scott Edwards, the "Tracker" for the Lincoln County Drug Court. The litigation is many years old and as of this filing there is only one remaining Defendant: Lincoln County itself. (Plaintiffs' suit originally included claims against the only remaining Defendant, Lt. Edwards; the then-Sheriff of Lincoln County, Michael Krigbaum; and Administrator / Coordinator of the Drug Court, Heather Graham-Thompson, but on Motion for Summary Judgment this Court dismissed Graham-Thompson and the Eighth Circuit found Krigbaum to have qualified immunity). The group of Plaintiffs also included C.A. f/k/a C.H., but pursuant to stipulation she was dismissed in recent days.

All the court pleadings, including this one, refer to the Plaintiffs by their initials, but at trial Plaintiffs will all state their names in open court. Also, while the verdict directors and verdict form submitted with these pre-trial materials refer to the Plaintiffs only by initials, the final forms Plaintiffs will submit to the court will include the full names.

## FACTS

The sexual misconduct occurred in the summer and fall of 2010. At that time all five Plaintiffs were participants in Drug Court in Lincoln County, Missouri. The purpose of Drug Court is to allow individuals who have been pre-screened to enter into an intensive program of counseling and monitoring. Success is defined as beating a drug problem and becoming a productive citizen. The program has two major "carrots". The first carrot is that even though the participants plead guilty to pending drug related charges at the beginning of the program, those who complete the program have those offenses wiped off their records. The second carrot is that the successful participants avoid going to prison. The program has reciprocal "sticks". The first stick is having the felony conviction on one's record, with the accompanying life-long impediments to employment. The second stick is being incarcerated by the Missouri Department of Corrections. These carrots and sticks create stress on Drug Court participants, for while they are in the program the threat of prison hangs over them like the Sword of Damocles.

Lt. Edwards was the Drug Court "Tracker". His duties included, among other things, enforcing curfews, taking the participants to "drops", that is urine tests, monitoring the participants for minor offenses like traffic tickets. The Tracker, however, was just one member of a larger Drug Court team. The rest of the team included Administrator / Coordinator Thompson, various counselors from an outside counseling enterprise called "Bridgeways", the Judge, a Commissioner, the Sheriff, the Prosecuting Attorney, personnel from Probation and

Parole, and Defense Counsel, *see* Memorandum of Understanding, Ex. 8 to Plaintiffs' original pleadings on Summary Judgment.  Each of the MOU and the Drug Court's Policy and Procedures Manual emphasize that members of the Drug Court team were to share information and to work together.

The facts of the sexual misconduct of Lt. Edwards are not in dispute.  He pled guilty in federal court to violating each Plaintiff's constitutional right to substantive due process by having sexual contact with her, and he is now serving a ten-year federal prison sentence.

Lt. Edwards had vast control over the participants in Drug Court, because he regularly reported on their conduct to the Team and the Court, and the Court always followed his recommendations.

The question for the jury is the liability of Lincoln County.  Plaintiffs once more draw the court's attention to the fact that during the depositions of Sheriff Krigbaum and Administrator / Coordinator Thompson each pointed to the other and said the other was responsible to supervise Lt. Edwards in his role as Drug Court Tracker.

It thus turns out that no one was supervising Lt. Edwards.   Plaintiffs assert that the risk that Lt. Edwards would commit sexual misconduct was obvious.  There are twenty separate facts about the situation, as stated in Plaintiff's Memorandum in Opposition to Lincoln County's renewed Motion for Summary Judgment, which make the risk obvious.  Plaintiff will not restate those twenty facts, but simply note that Lt. Edwards had what was in effect complete power over the Plaintiffs, and was with them at all hours of the day and night.  As Sheriff Krigbaum testified in his deposition, police officers require monitoring because of the risk of the sort of misconduct which occurred here.  Plaintiffs will further show that Lt. Edwards routinely broke jail policy by

3

taking young women fully outside the jail for "smoke breaks", and that this was in plain view of other jail employees, all of whom knew this was against the rules.

If Sheriff Krigbaum testifies consistently with his deposition, he will acknowledge the significant risks associated with a lack of supervision and accountability.

> If there's no accountability [for police officers] then there's a risk…, a greater risk that a police officer, who is not predisposed to be law abiding, may violate may violate that power, may abuse that [including by engaging in sexual misconduct] Krigbaum Depo. at 85.

Plaintiffs will show that Lincoln County employed Lt. Edwards, Sheriff Krigbaum and Administrator / Coordinator Thompson.  Plaintiffs will also assert that the lack of supervision by anyone from the County makes the county liable in a situation in which the significant risk of lack of supervision was obvious.

## CLAIMS

Each of the sexual assault victim Plaintiffs has a failure to supervise claim against Lincoln County, based on the obviousness of the risk.

## DAMAGES

Each Plaintiff suffered from Lincoln County's failure to supervise Lt. Edwards when the risk was plainly obvious.  None had funds for formal counseling, and so each asserts only garden variety emotional distress.  Each will testify to nightmares, anxiety, fear of police, difficulty entering into other relationships, sadness, and distrust of those who are entrusted by the people's government to help the citizenry, and resulting changes in her life.

## PROCEDURAL HISTORY

Two of the sexual assault Plaintiffs, S.M. and K.W., plus C.A. f/k/a C.H. filed their case in this court and Defendants answered.  All parties consented to the magistrate hearing the matter.  The parties exchanged Rule 26 witness lists and written materials.  Plaintiffs took

4

depositions from among others, Lt. Edwards, Sheriff Krigbaum and Administrator / Coordinator Thompson.  The other two sexual assault victims sought leave to intervene as Plaintiffs and the court granted leave.  Defendants, on information and belief out of courtesy and respect for Plaintiffs, (which is deeply appreciated by Plaintiffs and their counsel), did not take the depositions of the Plaintiffs.

The parties entered into an agreement, related to an order of the Court, Doc.# 63, such that Plaintiffs would not ask Lt. Edwards questions about the actual sexual assaults themselves, and Lt. Edwards would not testify at trial about those events.  Thus, while the sexual assault victims' direct testimony will be subject to cross, there will be no testimony from Lt. Edwards denying the conduct or contradicting those Plaintiffs' versions of the facts.

Plaintiffs moved for Summary Judgment on liability against Sheriff Krigbaum, Lincoln County and Administrator / Coordinator Thompson.  Defendants Sheriff Krigbaum, Lincoln County and Administrator / Coordinator Thompson moved for Summary Judgment for Defendants on all issues.  The court issued its judgment dismissing Administrator / Coordinator Thompson, allowing C.A. f/k/a C.H. to proceed only against Lt. Edwards, and denying all other motions, with the denial of Sheriff Krigbaum's Motion being a denial of his prayer for qualified immunity.

Sheriff Krigbaum then filed an interlocutory appeal seeking review of this court's denial of qualified immunity.  The Eighth Circuit granted Sheriff Krigbaum qualified immunity.

Upon remand, the parties attempted mediation but the mediation failed.  Plaintiffs then dismissed Lt. Edwards, leaving only Lincoln County.  Lincoln County then filed a Second Motion for Summary Judgment, and the parties briefed the issues therein.

5

By stipulation the court dismissed C.A. f/k/a C.H. because she had no claims remaining against any party.

On June 28, 2016 in Doc. #: 150 the court denied Lincoln County's Second Motion for Summary Judgment.

The case is set for trial on July 11, 2016.

## COLOR OF STATE LAW

Plaintiffs believe that there is no dispute that Lt. Edwards and Lincoln County acted under color of state law, and so, as is common in these cases, Plaintiffs have left that element out of the verdict directors.

## MOTIONS IN LIMINE

Pursuant to the Amended Case Management Order [ECF 60 and 124], ten days before trial Plaintiffs will submit several Motions in Limine, as well as any modified instructions.

## CASE SUMMARY FOR VOIR DIRE

The parties' agreed on proposed short statement to be read at the beginning of voir dire is attached and is being filed herewith.

## VOIR DIRE

Plaintiffs ask the court to grant Plaintiffs two hours to conduct Plaintiff's voir dire.  1983 cases, particularly in light of the events of Ferguson Missouri during that last two years, draw out passionate pre-existing beliefs from within the venire.  This particular case has an added layer of potential pre-existing prejudice because as Drug Court Participants Plaintiffs by definition have a history of the use of illegal drugs.  There is yet a third layer of concern due to the inherent volatility of any matter involving allegations of sexual misconduct.  It will thus take a substantial amount of time to explore bias and/or potential bias.  Finally, Plaintiffs anticipate that with about

6

30 minutes left (of whatever time is granted), Plaintiffs' counsel will review of the number of jurors likely to be stricken for cause, and then ask individual questions of those in the "front rows" who are likely to be "below the cut off" but who have not yet spoken.

## JUROR NOTE TAKING

Plaintiffs strongly oppose juror note taking because they believe juror note taking (a) distracts jurors from listening to the witnesses' actual words and observing their demeanor, and (b) during deliberations tends to improperly make those who have taken notes arbiters of disputes over what given witnesses have actually said on the stand, and such arbiters may or may not be correct.

## NO EXPERTS

Neither party has endorsed experts.

## NO PUNITIVE DAMAGES

Punitive damages are not available against a government entity in a 42 U.S.C. 1983 case, *City of Newport v. Fact Concerts, Inc.*, 461 U.S.30 (1981) and because the only remaining Defendant is a government entity Plaintiffs have no remaining claim for punitive damages.

## "THE RULE"

Plaintiffs ask the court enforce "The Rule", that is, Plaintiffs ask the court to exclude witnesses from the court room before their testimony.

## EVIDENCE

### Needed Time

Plaintiffs believe they can present their case in three full days.

### Stipulated Facts

The parties have agreed only that Defendant Lincoln County is a properly formed political subdivision of the State of Missouri.

## Exhibits

All exhibits are familiar to the parties, and Plaintiffs expect no dispute over the admissibility of exhibits.

## Witnesses and Their Testimony

All Plaintiffs will testify.  S.M. made an audio tape of Lt. Edwards' last encounter with her.  The audio tape is graphic and terrifying.  Just because it is prejudicial against the Defendants, however, that does not mean it is inadmissible.  In fact, it has great probative value to show what actually happened to S.M.  Plaintiffs anticipate playing most of that tape with S.M. describing the events depicted therein in the course of the tape.

Plaintiffs also expect to call as witnesses two dismissed Defendants, Adminstrator Graham-Thompson and Sheriff Michael Krigbaum, as well as former drug court Judge Ben Burkemper.  Their testimonies will be somewhat document intensive because documents are required to show the duties of supervision of Lt. Edwards and the failure to fulfill those duties.  Plaintiffs will elicit extensive testimony from them regarding the facts Plaintiffs believe support their claim that the risk was obvious.

Plaintiffs will also call Drug Court team members Kristi Butler, Ron Rice and Adrienne Link of Bridgeways in connection with obviousness of the risk.

Additionally, Plaintiffs anticipate reading portions of Lt. Edwards' deposition testimony and his plea hearing.  Plaintiffs will not seek a writ to bring Lt. Edwards to Missouri from his current abode in federal prison in Virginia.

Plaintiffs may also read from the depositions of the Drug Court Commissioner.

Plaintiff will call the Circuit Clerk of Lincoln County, Grace Sinclair, regarding the agreement between Lincoln County and Graham-Thompson which was in effect at the time of the relevant events.

Plaintiffs may call other Drug Court participants, including Don Griffith and Kaitlyn McKenzie Lewis.

Plaintiffs may call other witnesses all as properly disclosed and on Plaintiff's pre-trial list.

## Scope of Cross, Leading Questions

In some cases there is great hue and cry over whether a party's cross of the other party's witnesses exceeds the scope of direct examination. See Fed.R.Evid. 611(b) whose two sentences first limit cross to subjects addressed on direct, but then state that "the court may allow inquiry into additional matters as if on direct examination."

Plaintiff has no objection to Defendants exceeding the scope of cross, but ask that the court prohibit Defendants from using leading questions on such subjects.

## INSTRUCTIONS

### Instructions Before the Verdict Director

Plaintiffs believe the instructions leading up to the verdict directors, damage instructions and verdict form are all routine.

### Verdict Director, Damages Instructions, Verdict Form

Plaintiffs will now turn to the verdict directors and damage instruction (For ease of identifying different instructions, Plaintiff has put titles on these "dirty versions" of those documents. These titles will, of course, need to be removed in the final version).

At the end of each verdict director Plaintiffs have included squibs from the cases which Plaintiffs believe are relevant, and which support Plaintiffs' form of those verdict directors.

Plaintiff notes that the case law makes the issue whether the *risk* of the unconstitutional conduct was obvious.  See *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014:  A municipality [may be] liable for a risk it *should have* known even if all of its employees in supervisory roles *did not* know of the risk and are thus not liable.  *City of Canton v. Harris,* 489 U.S. 378, 390 n. 10, (1989) (explaining a municipality may be liable because the risk was "obvious" or "must have been plainly obvious"), *and id.* at 396, (O'Connor, J., concurring and dissenting) (emphasizing that "actual or constructive notice" is enough).

The damages instruction is quite short, because there are no medical bills or lost wages.  The comments indicate that only items of damage supported by the evidence are to be included on the list.

Should it please the Court undersigned counsel Bevis Schock offers to serve as scrivener for the final jury instructions during the instruction conference, and forward the product by email or thumb drive to the Court.  He claims swiftness in typing.

## CLOSING

Plaintiff intends to make a "send a message argument" in closing.  In ***Nice v. ZHRI, Inc.*, 105 F. Supp. 2d 1028 (E.D. Ark. 2000)** the court wrote:

> The Court believes that it would be entirely proper for plaintiff's counsel to argue:
>
>> Members of the jury, if you will return a fair and adequate *compensatory* damage award in this case, it will send the defendant a message.

As Dean William L. Prosser pointed out over 35 years ago:

> The "prophylactic" factor of preventing future harm has been quite important in the field of torts. The courts are concerned not only with compensation of the victim, but with admonition of the wrongdoer. When the decisions of the courts

10

Case: 4:12-cv-02276-PLC   Doc. #:  156   Filed: 07/01/16   Page: 11 of 12 PageID #: 2051

> become known, and defendants realize that they may be held liable, there is of course a strong incentive to prevent the occurrence of the harm.
> Prosser, Handbook On The Law Of Torts, pg. 23 (3d ed.1964).

Dean Keeton tells us the same thing, see Prosser And Keeton, Torts, § 4, at 25 (5th ed.1984).

Undersigned counsel acknowledges that it would be inappropriate during closing to describe Lt. Edwards as a "monster", or "the devil", but Plaintiffs will refer the jury to the horrible sounds he makes on the tape.

## FINAL THOUGHTS

Counsel for the parties know each other well and Plaintiffs' counsel believe that while this will be a hard fought trial, it will be clean fight with a minimum of objections and no foolishness whatsoever.

Respectfully submitted,

Attorneys for Plaintiffs and Intervenors

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.Com
Fax:    314-721-1698
Voice: 314-726-2322

   /s/   Hugh A. Eastwood   .
Hugh A. Eastwood, 62058MO
7911 Forsyth Blvd., Ste. 300
St. Louis, Missouri 63105-3960
heastwood@eastwoodlawstl.com
Fax     (314) 863 5335
Vox     (314) 809 2343

Attorney for Intervenors Only

/s/ Michael Fagras .
Michael J. Fagras, 40842MO
5770 Mexico Rd., Ste. A

11

St. Peters, MO 63376
fagras@fagraslaw.com
Fax: 636-757-0198
Voice: 636-498-4000

CERTIFICATE OF SERVICE

I hereby certify that on 7/01/2016 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

  /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO