**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| S.M., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.:  4:12-cv-02276-PLC |
| | ) | |
| vs. | ) | |
| | ) | |
| LINCOLN COUNTY, MISSOURI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTIONS IN LIMINE

**A. MOTION IN LIMINE REGARDING DEFENDANT SCOTT EDWARDS' EMPLOYMENT RECORDS.**

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves the Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiff to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning:  facts, evidence or other information regarding and/or relating to any and all documents contained in Scott Edward's Employment Records or previous employment. In support of its motion, Defendant states:

1. Scott Edwards was employed by the Lincoln County Sheriff's Department.

2. During the discovery process in this case, Defendant disclosed specific portions of Scott Edwards' personnel file to Plaintiffs.

3. Prior to being hired by the Lincoln County Sheriff's Department, Scott Edwards was employed by the Police Department for the City of Country Club Hills, Missouri.

4. During the discovery process in this case, Plaintiffs discovered personnel records from when Defendant Scott Edwards was employed by the Police Department of Country Club

1

Hills, Missouri. (The personnel records kept by both the Lincoln County Sheriff's Department and the Police Department of Country Club Hills, Missouri, shall be known jointly herein as "Employment Records")

5.    Defendant anticipates that Plaintiffs will identify the Employment Records of Scott Edwards as an exhibit that may be introduced at trial.

6.    The Employment Records do not contain any information regarding Scott Edwards' interaction with the Plaintiffs in this case.

7.    The Employment Records do not involve the type of conduct at issue in this case (sexual misconduct).

8.    The Employment Records are not relevant to the present case because the Plaintiffs have dismissed their prior claims of negligent hiring and negligent training, with the only remaining claim against Defendant Lincoln County being for Monell liability under Section 1983 alleging a failure to supervise and/or inadequate policies.

9.    Furthermore, the time period of the documents pertaining to Scott Edwards' employment by the Police Department of Country Club Hills, Missouri, are too remote or removed from the time period at issue in this case and do not offer any probative value.

10.  Vukadinovich v. Zentz, 995 F.2d 750 (7th Cir. 1993), involved a Section 1983 civil rights action against police officers and a political subdivision.  Citing Rule 403 of the Federal Rules of Evidence, the Court excluded from evidence complaints against the officers; newspaper articles; copies of actions against the City; and a copy of a departmental investigation report of one officer that occurred after events involved in that case.  The Court held that the prior complaints and the investigation file arose from dissimilar events and were filed for a number of different reasons, not relevant to the case at issue.

11. Because Scott Edwards' Employment Records do not contain documents or information regarding the issues or persons involved in this case and hiring is not an issue in this case, Plaintiffs' sole reason for introducing these records could only be to impeach the testimony of Defendant Lincoln County's witnesses in this case which is not permissible.

12. Rule 404(b) of the Federal Rules of Evidence provides that evidence of other wrongs or acts is "not admissible to prove the character of a person in order to show action in conformity therewith".

13. Rule 608(b) of the Federal Rules of Evidence precludes the use of extrinsic evidence to prove specific instances of conduct to attack the witnesses' credibility.  The purpose of barring extrinsic evidence is to avoid holding mini-trials on peripherally related or irrelevant matters. U.S. v. Martz, 964 F.2d 787, 789 (8th Cir. 1992).  A correction officer's personnel files are inadmissible for impeachment purposes. Specific acts of misconduct not resulting in a conviction may be inquired about on cross-examination if they relate to the truth and veracity of the witness, but may not be proved by extrinsic evidence.  Rousan v. State, 48 S.W.3d 576, 590 (Mo. 2001).

14.  The introduction of any evidence from Scott Edwards' Employment Records or prior employment would confuse the jury by introducing events and issues that are not relevant or probative in this case.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiff and witnesses called on behalf of Plaintiff be and are instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters set forth in this motion, and any other relief the Court deems proper in the premises.

## B.  MOTION IN LIMINE REGARDING COLLATERAL SOURCE PAYMENTS.

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves the Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiff to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning: facts, evidence or other information regarding and/or relating to whether Defendant had insurance coverages or policies in effect at the relevant time periods that would extend coverage to Plaintiffs' injuries and/or damages and the limits or extent of any such coverage or policy.   In support of its motion, Defendant Lincoln County would show:

1.      Defendant Lincoln County anticipates that Plaintiffs may attempt to offer evidence regarding and/or relating to whether Defendant Lincoln County had insurance coverages and/or policies in effect at the times alleged in Plaintiffs' Complaint and the extent and/or nature of such coverages or policies.

2.      Rule 411 of the Federal Rules of Evidence states "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully".

3.      In this case, the issue of whether Defendant Lincoln County had insurance coverages and/or policies in effect at the time of Scott Edwards' misconduct and the nature and extent of any such coverage or policy is not relevant to any issue in this case and would only serve to bias and prejudice the jury.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiffs and witnesses called on behalf of Plaintiffs be and are instructed to refrain from any mention or interrogation, directly or

indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters set forth in this motion, and any other relief the Court deems proper in the premises.

### C.  MOTION IN LIMINE REGARDING ANY ALLEGED SEXUAL HARASSMENT CLAIMS AGAINST FORMER SHERIFF MICHAEL KRIGBAUM AND FORMER MAJOR KENT HENSHAW.

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves this Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiffs to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning:  facts, evidence or other information regarding and/or relating to any alleged sexual harassment committed by former Lincoln County Sheriff Michael Krigbaum and former Major Kent Henshaw.  In support of its motion, Defendant Lincoln County would show:

1.   Former Lincoln County Sheriff Michael Krigbaum was the elected Sheriff of Lincoln County, Missouri from 2009 - 2012.

2.   During the discovery process in this case, former Sheriff Michael Krigbaum disclosed to Plaintiffs information about sexual harassment claims filed against him by employees of the Sheriff's Department.

3.   During the discovery process in this case, Sheriff Krigbaum revealed to Plaintiffs that said claims were amicably settled out of court.

4.   Former Major Kent Henshaw was employed by the Lincoln County Sheriff's Department and served as the appointed Interim Sheriff from 2008-2009.

5.    During the discovery process in this case, Plaintiffs discovered that former Major Kent Henshaw was terminated from his employment with the Lincoln County Sheriff's Department after another Sheriff's Department employee made sexual harassment allegations against him.

6.    Defendant Lincoln County anticipates that the Plaintiffs will want to introduce evidence of said alleged sexual harassment by former Sheriff Michael Krigbaum and former Major Kent Henshaw at trial.

7.    Said evidence does not contain any information regarding Defendant Scott Edwards' misconduct in this case or his interaction with the Plaintiffs in this case.

8.    Furthermore, said allegations did not involve the type of conduct at issue in this case (sexual misconduct), as said complaints were harassment claims lodged by Sheriff's Department employees, did not involve allegations of rape or use of force/authority, and did not involve detainees or arrestees.

9.    These allegations are not relevant to the present case because the Plaintiffs claims do not allege sexual harassment in the employer-employee context, as all remaining claims against Defendant Lincoln County are for Monell liability under Section 1983 alleging inadequate policies and/or a failure to supervise.

10.  Notice is the touchstone of deliberate indifference in the context of Section 1983 municipal liability, and notice of a pattern of conduct can be indicative of a municipal policy or custom. Atkinson v. City of Mountain View, Mo., 709 F.3d 1201 (8th Cir. 2013).

11.  In this case, the Plaintiffs are not alleging that an unconstitutional policy or failure to supervise resulted in Defendant Lincoln County permitting sexual misconduct amongst its

employees, so the introduction of these sexual harassment allegations that resulted in settlement and the termination of a high ranking employee, are not relevant or probative in this case.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiff and witnesses called on behalf of Plaintiff be and are instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters set forth in this motion, and any other relief the Court deems proper in the premises.

## D. MOTION IN LIMINE REGARDING HEATHER GRAHAM-THOMPSON'S ALLEGED KNOWLEDGE, NOTICE OR CONSTRUCTIVE NOTICE OF SCOTT EDWARDS' MISCONDUCT.

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves this Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiffs to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning:  facts, evidence or other information regarding and/or relating to any knowledge, notice or constructive notice Heather Graham-Thompson allegedly possessed of Scott Edwards' misconduct because she is not a County policymaker.  In support of its motion, Defendant Lincoln County states:

1.    As a matter of law, in its Memorandum and Order this Court held that Heather Graham-Thompson was not a policymaker for Defendant Lincoln County. [*Doc. 95, pgs. 34-35*].

2.    Defendant Lincoln County anticipates that the Plaintiffs will want to introduce evidence that Heather Graham-Thompson, formerly a defendant in this action, was a policymaker for Lincoln County for the purpose of claiming that any knowledge, constructive

notice or actual notice she allegedly had of Scott Edwards' misconduct is attributable to Lincoln County.

3.      Said evidence is not permissible because this Court already found that Heather Graham-Thompson lacked policy-making authority for Defendant Lincoln County.

4.      Therefore, any knowledge, constructive notice or actual notice that Heather Graham-Thompson may have had about Scott Edwards' misconduct or the Plaintiffs' injuries, is irrelevant and insufficient for a finding of deliberate indifference necessary for Monell liability under Section 1983.

5.      Notice is the touchstone of deliberate indifference in the context of Section 1983 municipal liability. Atkinson v. City of Mountain View, Mo., 709 F.3d 1201 (8th Cir. 2013).

6.      For Monell liability to exist under a failure to supervise theory, which is analyzed like a failure to train theory, the inadequate supervision must be "…so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need….  In other words, [Parrish] must demonstrate that the [county] had notice that its procedures were inadequate and likely to result in a violation of constitutional rights".  (*emphasis added*) (*internal citations omitted*) Parrish v. Ball, 594 F. 3d 993, 997-998 (8th Cir. 2010).

7.      In this case, since Heather Graham-Thompson is not a Lincoln County policymaker, any evidence pertaining to her knowledge, constructive notice or actual notice of Scott Edwards' misconduct is not relevant or probative in this case and is insufficient for Monell liability to apply to Defendant Lincoln County under Section 1983.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiffs and witnesses called on behalf of

Plaintiffs be and are instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters set forth in this motion, and any other relief the Court deems proper in the premises.

**E. MOTION IN LIMINE REGARDING A 2012 INCIDENT INVOLVING FORMER SHERIFF MICHAEL KRIGBAUM.**

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves this Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiffs to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning:  facts, evidence or other information regarding and/or relating to a 2012 incident involving former Lincoln County Sheriff Michael Krigbaum.  In support of its motion, Defendant Lincoln County states:

1.      As a matter of law, in its Memorandum and Order this Court held that an incident during which former Sheriff Michael Krigbaum kissed and hugged one of his deputies in a swimming pool is not sufficiently indicative of an atmosphere of tolerance of sexual misconduct …"[*Doc. 95, p. 26*].

2.      Further, as a matter of law, the 8th Circuit Court of Appeals found that the incident in which former Sheriff Michael Krigbaum hugged and kissed his female deputy in a swimming pool actually occurred in 2012, two years after Scott Edwards was fired by the Lincoln County Sheriff's Department and did not involve similar misconduct to that committed by Scott Edwards [*Doc. 150, p. 7 footnote 2*].

3.    Defendant Lincoln County anticipates that the Plaintiffs will want to introduce evidence that the above-referenced swimming pool incident involving former Sheriff Michael

Krigbaum was evidence of a pattern of misconduct in the Sheriff's Department that provided Defendant Lincoln County with constructive notice of Scott Edwards' misconduct and/or a lack of supervision.

4.   Said evidence is not permissible in this case because, as a matter of law, this Court and the 8th Circuit Court of Appeals already held that this incident did not involve similar misconduct to that of Scott Edwards and occurred later in time, so it could not be the basis of a finding of constructive notice or evidence of a pattern of misconduct.

5.   Therefore, this 2012 swimming pool incident involving former Sheriff Michael Krigbaum is irrelevant and insufficient for a finding of deliberate indifference necessary for Monell liability under Section 1983.

6.   Notice is the touchstone of deliberate indifference in the context of Section 1983 municipal liability. Atkinson v. City of Mountain View, Mo., 709 F.3d 1201 (8th Cir. 2013).

7.   For Monell liability to exist under a failure to supervise theory, which is analyzed like a failure to train theory, the inadequate supervision must be "…so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need….  In other words, [Parrish] must demonstrate that the [county] had notice that its procedures were inadequate and likely to result in a violation of constitutional rights."  (*emphasis added*) (*internal citations omitted*) Parrish v. Ball, 594 F. 3d 993, 997-998 (8th Cir. 2010).

8.   In this case, since the 2012 swimming pool incident has been held to a) not be similar to the misconduct committed by Scott Edwards; and b) not be indicative of an atmosphere of tolerance of sexual misconduct, it does not equate to constructive notice for a finding of deliberate indifference.

9.      This evidence is not relevant or probative in this case and is insufficient for Monell liability to apply to Defendant Lincoln County under Section 1983.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiffs and witnesses called on behalf of Plaintiffs be and are instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters.

## F. MOTION IN LIMINE REGARDING SCOTT EDWARDS TAKING JAILED DRUG COURT PARTICIPANTS OUTSIDE FOR CIGARETTE BREAKS.

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves this Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiffs to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning:  facts, evidence or other information regarding and/or relating to Scott Edwards allegedly taking jailed Drug Court participants outside for cigarette breaks.  In support of its motion, Defendant Lincoln County states:

1.      As a matter of law, in its Opinion the 8th Circuit held that "[a]ssuming without deciding that 'turning a blind eye' could ever constitute actual notice, and that Krigbaum knew of this conduct, being aware that Edwards violated jail policy by taking Drug Court participants out for a cigarette break falls far short of notice of a pattern of conduct that violated Plaintiffs' rights to substantive due process." [*Doc. 105, pgs. 6-7*].

2.      Defendant Lincoln County anticipates that the Plaintiffs will want to introduce evidence that if Defendant Lincoln County's policymakers knew that Scott Edwards took Drug

Court participants held in County jail outside for cigarette breaks, that Defendant Lincoln County would have had constructive notice of Scott Edwards' misconduct towards Plaintiffs in this case.

3.    Said evidence is not permissible because, as a matter of law, the 8th Circuit Court of Appeals already held that this incident was not similar or otherwise indicative of Scott Edwards' misconduct sufficient for a finding of constructive notice.

4.    Therefore, any reference to Scott Edwards taking jailed Drug Court participants outside for cigarette breaks is irrelevant and insufficient for a finding of deliberate indifference necessary for Monell liability under Section 1983.

5.    Notice is the touchstone of deliberate indifference in the context of Section1983 municipal liability. Atkinson v. City of Mountain View, Mo., 709 F.3d 1201 (8th Cir. 2013).

6.    For Monell liability to exist under a failure to supervise theory, which is analyzed like a failure to train theory, the inadequate supervision must be "…so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need….  In other words, [Parrish] must demonstrate that the [county] had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." (*emphasis added*) (*internal citations omitted*) Parrish v. Ball, 594 F. 3d 993, 997-998 (8th Cir. 2010).

8.    In this case, any evidence pertaining to Scott Edwards taking jailed Drug Court participants outside for cigarette breaks is not relevant or probative and is insufficient for Monell liability to apply to Defendant Lincoln County under Section 1983.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiffs and witnesses called on behalf of Plaintiffs be and are instructed to refrain from any mention or interrogation, directly or

indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters

### G. MOTION IN LIMINE REGARDING FORMER SHERIFF MICHAEL KRIGBAUM HAVING ANY ACTUAL OR CONSTRUCTIVE NOTICE OF SCOTT EDWARDS' MISCONDUCT OR THE NEED TO SUPERVISE HIM AS DRUG COURT TRACKER.

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves this Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiffs to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning:  facts, evidence or other information regarding and/or relating to former Lincoln County Sheriff Michael Krigbaum having constructive notice of Scott Edwards' misconduct.  In support of its motion, Defendant Lincoln County would show:

1.      As a matter of law, in its Opinion the 8th Circuit Court of Appeals already held that "Krigbaum had no information that would have raised an inference that Edwards was violating his training and duties as a police officer by sexually assaulting the Drug Court participants he monitored." [*Doc. 105, page 9*].

2.      Both this Court and the 8th Circuit also held that "[t]here is no evidence . . . Krigbaum received notice of a pattern of unconstitutional acts…" [*Doc. 95, page 44; Doc. 105, page 4*].

3.      Defendant anticipates that the Plaintiffs will want to introduce evidence that former Lincoln County Sheriff Michael Krigbaum had constructive notice of Scott Edwards' misconduct and, thus, as a policymaker for Defendant Lincoln County that this notice is sufficient for a finding that the County was deliberate indifferent for the purposes of Monell liability.

4.    Said evidence is not permissible because, as a matter of law, this Court and the 8th Circuit Court of Appeals already held that former Lincoln County Sheriff Michael Krigbaum had no actual or constructive notice of Scott Edwards' misconduct.

5.    Notice is the touchstone of deliberate indifference in the context of Section 1983 municipal liability. Atkinson v. City of Mountain View, Mo., 709 F.3d 1201 (8th Cir. 2013).

6.    For Monell liability to exist under a failure to supervise theory, which is analyzed like a failure to train theory, the inadequate supervision must be "…so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need….  In other words, [Parrish] must demonstrate that the [county] had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." (*emphasis added*) (*internal citations omitted*) Parrish v. Ball, 594 F. 3d 993, 997-998 (8th Cir. 2010).

7.    Here, this Court and the 8th Circuit Court of Appeals held that former Lincoln County Sheriff Michael Krigbaum lacked any notice, facts upon which to base an inference of notice, or notice by way of a pattern of like misconduct that Scott Edwards' committed misconduct onto the Plaintiffs in this case, so Plaintiffs should be foreclosed from arguing the same to the jury, with presenting enw and additional evidence to the Court.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiffs and witnesses called on behalf of Plaintiffs be and are instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters.

**H. MOTION IN LIMINE REGARDING THE TESTIMONY AND/OR AFFIDAVIT OF FORMER PLAINTIFF C.A.**

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves this Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiffs to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning:  facts, evidence or other information regarding and/or relating to the claims of former Plaintiff in this case, known as C.A. and to prohibit C.A. from testifying in this case or having her affidavit admitted as evidence in this case.  In support of its motion, Defendant Lincoln County would show:

1.      In its Memorandum and Order, this Court dismissed former Plaintiff C.A.'s claims against Defendant Lincoln County, stating that "[i]n their supporting memorandum, Plaintiffs state that they are abandoning their claims of failure to train and inadequate hiring and the claims of C.A. against Krigbaum in Counts V and VI.  The Court notes that Lincoln County is the only defendant named in Count VI.  C.A. bases her allegations against Lincoln County on Krigbaum's liability. Consequently, her dismissal of Krigbaum does effectively include Count VI." [*Doc. 95, page 23, fn 6*].

2.      This Court also expressly ordered that C.A.'s claim against Defendant Lincoln County was dismissed. [*Doc. 95, page 46*].

3.      During the course of this litigation, former Plaintiff C.A. filed an Affidavit with this Court, wherein C.A. attests that she made complaints about Scott Edwards' misconduct to Ron Rice (Director of Bridgeways) and Kristi Butler (Probation Officer), neither of whom, as a matter of law, are policymakers for Defendant Lincoln County.

4.      Defendant Lincoln County anticipates that the Plaintiffs will want to introduce C.A.'s testimony and/or affidavit as evidence that Defendant Lincoln County had actual or constructive notice of Scott Edwards' misconduct, due to alleged statements C.A. made to Ron Rice and Kristi Butler.

5.      As a matter of law, said evidence is not permissible because Plaintiffs cannot under any circumstances establish that Ron Rice or Kristie Butler were policymakers for Defendant Lincoln County or that any information known to them was attributable to the County for the purposes of deliberate indifference under the <u>Monell</u> liability analysis.

6.      Notice is the touchstone of deliberate indifference in the context of <u>Section 1983</u> municipal liability. <u>Atkinson v. City of Mountain View, Mo.</u>, 709 F.3d 1201 (8th Cir. 2013).

7.      For <u>Monell</u> liability to exist under a failure to supervise theory, which is analyzed like a failure to train theory, the inadequate supervision must be "…so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need…. In other words, [Parrish] must demonstrate that the [county] had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." (*emphasis added*) (*internal citations omitted*) <u>Parrish v. Ball</u>, 594 F. 3d 993, 997-998 (8th Cir. 2010).

8.      Here, this Court already dismissed C.A.'s claims against Defendant Lincoln County, making any evidence pertaining to her abandoned claims wholly irrelevant and not probative in this case.

9.      Further, since neither Ron Rice nor Kristie Butler are Lincoln County policymakers, any evidence pertaining to their knowledge, constructive notice or actual notice of Scott Edwards' misconduct is not relevant or probative in this case and is insufficient for <u>Monell</u>

liability to apply to Defendant Lincoln County under <u>Section 1983</u>, and the Plaintiffs should be foreclosed from arguing the same to the jury.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiffs and witnesses called on behalf of Plaintiffs be and are instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters.

## I. **MOTION IN LIMINE REGARDING AN ALLEGED LINCOLN COUNTY POLICY NOT TO SUPERVISE SCOTT EDWARDS AS DRUG COURT TRACKER.**

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves this Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiffs to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning:  facts, evidence or other information regarding and/or relating to an alleged Lincoln County "policy" not to supervise Scott Edwards as Drug Court Tracker.  In support of its motion, Defendant Lincoln County states:

1.      In its Memorandum and Order, this Court held, as a matter of law, that there were no facts to support Plaintiffs' argument that Lincoln County had a "policy" not to supervise Scott Edwards. [*Doc. 95, pg. 29*].

2.      Defendant Lincoln County anticipates that the Plaintiffs will want to introduce evidence that a lack of supervision of Scott Edwards, while he was acting as Drug Court Tracker, amounted to a Lincoln County policy in direct opposition to this Court's prior holding.

3.      As a matter of law, said evidence is not permissible because of the previous legal

analysis conducted by this Court, as follows:

> Under Monell's holding a municipality is liable under § 1983 only if a municipal
> policy or custom' caused a plaintiff to be deprived of a federal right.  Los Angeles
> Cnty. v. Humphries, 131 S.Ct. 447, 450 (2010) (quoting Monell, 436 U.S. at 694).
> See also Riehm v. Engelking, 538 F.3d 952, 962 (8th Cir. 2008) (holding that "a
> county cannot be held vicariously liable for its agents' actions under § 1983" and
> that, instead, a plaintiff "must identify a county policy or custom that caused [his or
> her] injuries"); accord Dahl v. Rice Cnty. Minn., 621 F.3d 740, 743 (8th Cir. 2010).
>
> A "policy" is a decision to adopt a particular course of action . . . properly made by a
> government's authorized decision makers regardless whether the action is to be taken
> only once or to be taken repeatedly.  Pembaur v. City of Cincinnati, 475 U.S. 469,
> 481 (1986).
>
> Not every decision, however, by municipal officers automatically subjects the
> municipality to § 1983 liability.  Id.  Rather, municipal liability attaches where – and
> only where – a deliberate choice to follow a course of action is made from among
> various alternatives by the official or officials responsible for establishing final
> policy with respect to the subject matter in question.  Id. at 483.
>
> **The policy at issue, Plaintiffs argue, is a deliberate choice to not have Edwards
> supervised.  And, they contend, it was this lack of supervision that led to their
> harm.  This argument fails because Plaintiffs have failed to establish such a
> choice.**
> **Moreover, a county may not be held liable under § 1983 merely because it failed
> to implement a policy that would have prevented an unconstitutional act by an
> employee otherwise left to his own discretion**. Atkinson v. City of Mountain View,
> Mo., 709 F.3d1201, 1216 (8th Cir. 2013) (quoting Szabla v. City of Brooklyn Park,
> 486 F.3d 385, 395 (8th Cir. 2007) (en banc)).  [*Doc. 95, pgs. 28-29*].

4.      Based on this Court's analysis above, to establish a "policy" sufficient for

Defendant Lincoln County to even face Monell liability, the Plaintiffs must have facts or

evidence that former Lincoln County Sheriff Michael Krigbaum, as a policy maker for the

County, made a deliberate choice, knowing of other options or alternatives, not to supervise

Scott Edwards.

5.      This Court already held that Plaintiffs have insufficient evidence to establish a

County "policy" not to supervise Scott Edwards as Drug Court Tracker, so any evidence

pertaining to the same is not relevant or probative in this case and is insufficient for <u>Monell</u> liability to apply to Defendant Lincoln County under <u>Section 1983</u>. The Plaintiffs should be foreclosed from arguing the same to the jury.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiffs and witnesses called on behalf of Plaintiffs be and are instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters.

### J. MOTION IN LIMINE REGARDING THE NON-ENFORCEMENT OF THE SHERIFF'S DEPARTMENT MILEAGE POLICY WHILE SCOTT EDWARDS WAS WORKING AS DRUG COURT TRACKER.

COMES NOW Defendant Lincoln County, by and through the undersigned counsel, and respectfully moves this Court, in limine, to enter an order instructing Plaintiffs' counsel and all witnesses called on behalf of Plaintiffs to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence concerning:  facts, evidence or other information regarding and/or relating to the non-enforcement of the Sheriff's Department mileage policy while Scott Edwards was working as Drug Court Tracker.  In support of its motion, Defendant Lincoln County states:

1.   In the 8th Circuit Court of Appeals Opinion, the Court held, as a matter of law, that the Sheriff's Department mileage policy "was designed to protect persons; it did not give rise to unconstitutional conditions." [*Doc. 105, pg. 9*].

2.   Defendant Lincoln County anticipates that the Plaintiffs will want to introduce evidence that Defendant Lincoln County failed to enforce this mileage policy on Scott Edwards while he was acting as Drug Court Tracker.

3.    As a matter of law, said evidence is not permissible because, as this Court's Memorandum and Order properly notes:

> A county may not be held liable under § 1983 merely because it failed to implement a policy that would have prevented an unconstitutional act by an employee otherwise left to his own discretion.  Atkinson v. City of Mountain View, Mo., 709 F.3d1201, 1216 (8th Cir. 2013) (quoting Szabla v. City of Brooklyn Park, 486 F.3d 385, 395 (8th Cir. 2007) (en banc)). [*Doc. 95, pgs. 28-29*].

4.    Based on this Court's analysis above, that a failure to implement a policy is not enough to trigger Monell liability and the 8th Circuit's determinations that the Sheriff's Department mileage policy did not give rise to unconstitutional conditions, any evidence pertaining to the same is not relevant or probative in this case and is insufficient for Monell liability to apply to Defendant Lincoln County under Section 1983. The Plaintiffs should be foreclosed from arguing the same to the jury.

WHEREFORE, Defendant Lincoln County respectfully requests that this Court grant its Motion in Limine and enter an order that counsel for Plaintiffs and witnesses called on behalf of Plaintiffs be and are instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary, photographic or videographic evidence regarding the matters.

**BARKLAGE, BRETT & HAMILL**

By:        */s/ Joel D. Brett*

    Joel D. Brett,   #33471MO
    Katherine R. Moore, #59805MO
    211 North Third Street
    St. Charles, Missouri 63301
    (636) 949-2120 – *Telephone*
    (636) 949-8786 – *Facsimile*
    jbrett@barklage-brett.com
    kmoore@barklage-brett.com

    *Attorneys for Defendant Lincoln County*

## CERTIFICATE OF SERVICE

I Joel D. Brett, hereby certify that a true and accurate copy of the foregoing was served by Notice of Electronic Filing with the Court's CM-ECF filing system this 1st day of July, 2016, on:

W. Bevis Schock
SCHOCK LAW
7777 Bonhomme  Ave.
Suite 1300
St. Louis, MO 63105
wbschock@schocklaw.com

Hugh A. Eastwood
7777 Bonhomme  Ave.
Suite 1603
St. Louis, MO 63105
heastwood@eastwoodlawstl.com

*Attorneys for Plaintiffs and Intervenor Plaintiffs*

Michael J. Fagras
LAMPIN AND FAGRAS, LLC
5770 Mexico Road
St.  Peters, MO  63376
mfagras@hotmail.com

*Attorney for Intervenor Plaintiffs*

I further certify that a signed original of the foregoing documents is on file in the law office of Barklage, Brett & Hamill, P.C.

_____*/s/ Joel D. Brett*_____
Joel D. Brett, #33471MO