INSTRUCTION NO. __1__

Members of the Jury Panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone and any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. [During jury selection, you must leave it off.] (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, (briefly advise jurors of your court's rules concerning cellphones, cameras and any recording devices).

I understand you may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, claims, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and

that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?

Tendered by Plaintiff
Eighth Circuit Model Jury Instructions, 1.1

## INSTRUCTION NO. 2

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

Tendered by Plaintiff
Eighth Circuit Model Jury Instructions, 1.2

# INSTRUCTION NO. 3

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the court security officer for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by the five plaintiffs against the defendant, Lincoln County. Plaintiffs were participants in the Lincoln County Drug Court. Four were sexually assaulted. One was terminated from the Drug Court. The Plaintiffs seek to hold Lincoln County liable for those events. It will be your duty to decide from the evidence whether the plaintiffs are entitled to a verdict against the defendant.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires

you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

Tendered by Plaintiff

Eighth Circuit Model Jury Instructions, 1.3

# INSTRUCTION NO. 4

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Tendered by Plaintiff
Eighth Circuit Model Jury Instructions, 1.4

# INSTRUCTION NO. 4A

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

Tendered by Plaintiff

Eighth Circuit Model Jury Instructions, 1.5

# INSTRUCTION NO. 5

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

Tendered by Plaintiff

Eighth Circuit Model Jury Instructions, 1.6

# INSTRUCTION NO. $\overrightarrow{\mathcal{L}}$

Jurors, to make sure this trial is fair to [both/all] parties, you must follow these rules.

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the bailiff or the deputy clerk. (Describe person.)

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do

not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

Tendered by Plaintiff
Eighth Circuit Model Jury Instructions, 1.08

# INSTRUCTION NO. 7

The trial will proceed in the following manner:

First, the plaintiffs' lawyer may make an opening statement. Next, the defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiffs will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiffs' witnesses. After the plaintiffs have finished presenting their case, the defendant may present evidence, and the plaintiffs' lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from all sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law, and you will go to the jury room to deliberate and decide on your verdict.

Tendered by Plaintiff
Eighth Circuit Model Jury Instructions, 1.09

# INSTRUCTION NO. 8

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was recorded in writing and now will be read to you.

Tendered by Plaintiff

Eighth Circuit Model Jury Instructions, 2.15

# INSTRUCTION NO. 9

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions] in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Tendered by Plaintiff

Eighth Circuit Model Jury Instructions, 3.2

# INSTRUCTION NO. 10

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

Tendered by Plaintiff

Eighth Circuit Model Jury Instructions, 3.3

INSTRUCTION NO.  11

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Tendered by Plaintiff
Eighth Circuit Model Jury Instructions, 3.4

INSTRUCTION NO.  12

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Tendered by Plaintiff
Eighth Circuit Model Jury Instructions, 3.4

INSTRUCTION NO. $\underline{\underline{5}}$ 13

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict[s], your foreperson will fill in the form[s], sign and date [it] [them], and tell the [marshal] [bailiff] [court security officer] that you are ready to return to the courtroom.

Tendered by Plaintiff
Eighth Circuit Model Jury Instructions, 3.6

INSTRUCTION NO. _____ ~~15~~ _14_

Instructions _____ _15_ _____ through _____ _16_ _____ and general instructions

_____ _1_ _____ through _____ _13_ _____ apply to Plaintiff Sarah Mayer's claim of violation

of her constitutional rights. Use Verdict Form A to return your verdict on this claim.

INSTRUCTION NO. _____ ❡ 15

Plaintiff Sarah Mayers claims to have been injured as a result of Defendant Lincoln County's failure to properly supervise Scott Edwards as Drug Court Tracker and that this alleged failure may be considered the official policy of Defendant Lincoln County.

Your verdict will be for Plaintiff Sarah Mayers and against Defendant Lincoln County only if you find that:

*First*: The Lincoln County Sheriff, as policy maker for Defendant Lincoln County, was responsible for supervising Scott Edwards as Drug Court Tracker; and

*Second*: Defendant Lincoln County's supervision of Scott Edwards as Drug Court Tracker was inadequate; and

*Third*: The need for supervision by Defendant Lincoln County was so obvious, and the inadequacy so likely to result in the violation of Plaintiff Sarah Mayer's constitutional rights, that the policy maker for Defendant Lincoln County can reasonably be said to have been "deliberately indifferent" to the need for such supervision; and

*Fourth*: The failure of Defendant Lincoln County to supervise Scott Edwards as Drug Court Tracker was the cause of the injuries to Plaintiff Sarah Mayers.

If any of the above elements have not been proved by the greater weight of the evidence, then your verdict must be for Defendant Lincoln County, Missouri.

The definition of "deliberate indifference" to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care.

Tendered by Plaintiff

Based on Eighth Circuit Model Jury Instructions 4.10 and O'Malley et al., Fed. Jury Prac & Instructions Civil (6th ed.) §165.27—Failure to Train.

In element second Plaintiffs have substituted for the O'Malley language "so likely to result in the

violation of constitutional rights", the language "so likely to create a risk of the violations of constitutional rights". Plaintiffs make this substitution because of the language in *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014). A municipality [may be] liable for a risk it *should have* known even if all of its employees in supervisory roles *did not* know of the risk and are thus not liable. *Compare Canton,* 489 U.S. at 390 & n. 10, 109 S.Ct. 1197 (explaining a municipality may be liable because the risk was "obvious" or "must have been plainly obvious"), *and id.* at 396, 109 S.Ct. 1197 (O'Connor, J., concurring and dissenting) (emphasizing that "actual or constructive notice" is enough).

As to the elements, see the oft cited case: *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992):

> To establish liability under *City of Canton,* "the plaintiff must prove ... that the training program at issue is inadequate to the tasks that officers must perform; that the inadequacy is the result of the city's deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Hill v. McIntyre,* 884 F.2d 271, 275 (6th Cir.1989) (citing *City of Canton*).

Plaintiffs note that there is no requirement to identify the policy makers, or affirmatively prove what they did not know. See bold sections below from *Cash v. Cnty. of Erie*, allowing constructive notice and requiring personnel from the County to be proactive.

Definition of "deliberate indifference", O'Malley et al., Fed. Jury Prac & Instructions Civil (6th ed.) §165.41

1-8 Silver, Police Civil Liability §8.07[8] (Matthew Bender revised edition)—Supervisory Liability and Municipal Liability

1-8 Silver, Police Civil Liability §8.08[b][i] (Matthew Bender revised edition)—"Practice" as Policy

1-8 Silver, Police Civil Liability §8.08[b][iv] (Matthew Bender revised edition)—Informal Policy or Custom

1-8 Silver, Police Civil Liability §8.08[d] (Matthew Bender revised edition)—"Systemic Deficiencies" (Among the great difficulties of applying a "policy or custom" analysis is the question whether a municipality may be held liable for deprivation of constitutional rights caused by a concatenation of policies and practices, perhaps by different agencies. In this situation, it is uncertain whether any particular policy violated a right and, indeed, just which municipal agency or official "caused" the deprivation. Although liability may be conceptually difficult to justify, courts have held that an employer may be sued in these situations. (internal citations omitted))

*S.M. v. Krigbaum,* No. 14-3704 at 8 (8th Cir. Dec. 9, 2015) ("The Drug Court's multi-agency membership resulted in significant confusion and ignorance regarding who was supervising Edwards on a day-to-day basis when he served as tracker.")

*City of Canton v. Harris,* 489 U.S. 3787, 388 (1989).

*Ware v. Jackson County, Mo.,* 150 F.2d 873, 882-884 (8th Cir. 1989).

*See also Cash v. Cnty. of Erie*, 654 F.3d 324, 334 (2d Cir. 2011):

> A municipal policy may be pronounced or tacit and reflected in either action or inaction. In the latter respect, a "city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (internal quotation marks omitted); *see also City of Canton v. Harris,* 489 U.S. 378, 396 (1989) (O'Connor, J., concurring in part and dissenting in part) ("**Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied**"). Consistent with this principle, "where a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 126 (2d Cir.2004) (Sotomayor, J.) (internal quotation marks omitted).

> Deliberate indifference may be inferred where "the need for more or better supervision to protect against constitutional violations was obvious," *Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995), but the policymaker "fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs," *Reynolds v. Giuliani,* 506 F.3d 183, 192 (2d Cir.2007); *see also Board of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 407 (1997) (holding that deliberate indifference requires proof that "municipal actor disregarded a known or obvious consequence of his action" (internal quotation marks omitted)); *Walker v. City of New York,* 974 F.2d 293, 297–98 (2d Cir.1992) (framing deliberate indifference inquiry in three parts: (1) policymaker knows "to a moral certainty" that its employees will confront a given situation; (2) either situation presents employees with difficult choice that will be made less so by training or supervision, or there is a record of employees mishandling situation; and (3) wrong choice by employees will frequently cause deprivation of constitutional rights (internal quotation marks omitted)).

> The existence of an affirmative duty to protect does not mean that any harm that befalls a person in state custody necessarily manifests a municipal policy of deliberate indifference to prisoner safety. **But an affirmative duty, by its nature, implies a proactive responsibility to assess the risks of harm presented by given circumstances and to take reasonable preventive measures in advance of harm occurring, not simply to respond to harms only after they occur.** *Cf. Farmer v. Brennan,* 511 U.S. 825, 845 (1994) (observing that deliberate indifference showing in parallel Eighth Amendment context "does not require a prisoner seeking a remedy for unsafe conditions to await a tragic event such as an actual assault before obtaining relief" (internal quotation marks and brackets omitted)).

*See also*: O'Malley et al., FJI Civil Companion Handbook (2015-2016) §9:4

INSTRUCTION NO.  16

If you find in favor of a plaintiff, you must award her an amount of money that will fairly compensate her for any damages you find she sustained as a direct result of the violation of that plaintiff's constitutional rights. You should consider the following elements of damages:

> The physical pain and emotional suffering that plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, and whether the injury is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

Tendered by Plaintiff
8th Circuit Model Jury Instructions, 4.70

## **VERDICT A**

**Note:**     Complete this form by writing in the names required by your verdict.

On Plaintiff Sarah Mayers claim against defendant Lincoln County, as submitted in Instruction No. $\underline{15}$ we find in favor of:

_____

          (Plaintiff  Sarah Mayers)      or       (Defendant Lincoln County)

**Note:**     Complete the following paragraphs only if the above finding is in favor of the Plaintiff.

We find Plaintiff Sarah Mayers' damages to be:

$_____$(state the amount or, if none, write the word "none")


                                 _____

                                      Foreperson

Dated: _____

Tendered by Plaintiffs

8th Circuit Model Jury Instructions, 4.80

INSTRUCTION NO. _____17_____

Instructions _____14_____ through _____19_____ and general instructions

_____1_____ through _____13_____ apply to Plaintiff Kayla Walker's claim of

violation of her constitutional rights. Use Verdict Form B to return your verdict on this claim.

INSTRUCTION NO. $\underline{\quad 18 \quad}$

Plaintiff Kayla Walker claims to have been injured as a result of Defendant Lincoln County's failure to properly supervise Scott Edwards as Drug Court Tracker and that this alleged failure may be considered the official policy of Defendant Lincoln County.

Your verdict will be for Plaintiff Kayla Walker and against Defendant Lincoln County only if you find that:

*First*: The Lincoln County Sheriff, as policy maker for Defendant Lincoln County, was responsible for supervising Scott Edwards as Drug Court Tracker; and

*Second*: Defendant Lincoln County's supervision of Scott Edwards as Drug Court Tracker was inadequate; and

*Third*: The need for supervision by Defendant Lincoln County was so obvious, and the inadequacy so likely to result in the violation of Plaintiff Kayla Walker's constitutional rights, that the policy maker for Defendant Lincoln County can reasonably be said to have been "deliberately indifferent" to the need for such supervision; and

*Fourth*: The failure of Defendant Lincoln County to supervise Scott Edwards as Drug Court Tracker was the cause of the injuries to Plaintiff Kayla Walker.

If any of the above elements have not been proved by the greater weight of the evidence, then your verdict must be for Defendant Lincoln County, Missouri.

The definition of "deliberate indifference" to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care.

Tendered by Plaintiff

Based on Eighth Circuit Model Jury Instructions 4.10 and O'Malley et al., Fed. Jury Prac & Instructions Civil (6th ed.) §165.27—Failure to Train.

In element second Plaintiffs have substituted for the O'Malley language "so likely to result in the

violation of constitutional rights", the language "so likely to create a risk of the violations of constitutional rights". Plaintiffs make this substitution because of the language in *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014). A municipality [may be] liable for a risk it *should have* known even if all of its employees in supervisory roles *did not* know of the risk and are thus not liable. *Compare Canton*, 489 U.S. at 390 & n. 10, 109 S.Ct. 1197 (explaining a municipality may be liable because the risk was "obvious" or "must have been plainly obvious"), *and id.* at 396, 109 S.Ct. 1197 (O'Connor, J., concurring and dissenting) (emphasizing that "actual or constructive notice" is enough).

As to the elements, see the oft cited case: *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992):

> To establish liability under *City of Canton*, "the plaintiff must prove ... that the training program at issue is inadequate to the tasks that officers must perform; that the inadequacy is the result of the city's deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir.1989) (citing *City of Canton*).

Plaintiffs note that there is no requirement to identify the policy makers, or affirmatively prove what they did not know. See bold sections below from *Cash v. Cnty. of Erie*, allowing constructive notice and requiring personnel from the County to be proactive.

Definition of "deliberate indifference", O'Malley et al., Fed. Jury Prac & Instructions Civil (6th ed.) §165.41

1-8 Silver, Police Civil Liability §8.07[8] (Matthew Bender revised edition)—Supervisory Liability and Municipal Liability

1-8 Silver, Police Civil Liability §8.08[b][i] (Matthew Bender revised edition)—"Practice" as Policy

1-8 Silver, Police Civil Liability §8.08[b][iv] (Matthew Bender revised edition)—Informal Policy or Custom

1-8 Silver, Police Civil Liability §8.08[d] (Matthew Bender revised edition)—"Systemic Deficiencies" (Among the great difficulties of applying a "policy or custom" analysis is the question whether a municipality may be held liable for deprivation of constitutional rights caused by a concatenation of policies and practices, perhaps by different agencies. In this situation, it is uncertain whether any particular policy violated a right and, indeed, just which municipal agency or official "caused" the deprivation. Although liability may be conceptually difficult to justify, courts have held that an employer may be sued in these situations. (internal citations omitted))

*S.M. v. Krigbaum*, No. 14-3704 at 8 (8th Cir. Dec. 9, 2015) ("The Drug Court's multi-agency membership resulted in significant confusion and ignorance regarding who was supervising Edwards on a day-to-day basis when he served as tracker.")

*City of Canton v. Harris*, 489 U.S. 3787, 388 (1989).

*Ware v. Jackson County, Mo.,* 150 F.2d 873, 882-884 (8th Cir. 1989).

*See also Cash v. Cnty. of Erie*, 654 F.3d 324, 334 (2d Cir. 2011):

> A municipal policy may be pronounced or tacit and reflected in either action or inaction. In the latter respect, a "city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (internal quotation marks omitted); *see also City of Canton v. Harris,* 489 U.S. 378, 396 (1989) (O'Connor, J., concurring in part and dissenting in part) ("**Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied**"). Consistent with this principle, "where a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 126 (2d Cir.2004) (Sotomayor, J.) (internal quotation marks omitted).
>
> Deliberate indifference may be inferred where "the need for more or better supervision to protect against constitutional violations was obvious," *Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995), but the policymaker "fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs," *Reynolds v. Giuliani,* 506 F.3d 183, 192 (2d Cir.2007); *see also Board of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 407 (1997) (holding that deliberate indifference requires proof that "municipal actor disregarded a known or obvious consequence of his action" (internal quotation marks omitted)); *Walker v. City of New York,* 974 F.2d 293, 297–98 (2d Cir.1992) (framing deliberate indifference inquiry in three parts: (1) policymaker knows "to a moral certainty" that its employees will confront a given situation; (2) either situation presents employees with difficult choice that will be made less so by training or supervision, or there is a record of employees mishandling situation; and (3) wrong choice by employees will frequently cause deprivation of constitutional rights (internal quotation marks omitted)).
>
> The existence of an affirmative duty to protect does not mean that any harm that befalls a person in state custody necessarily manifests a municipal policy of deliberate indifference to prisoner safety. **But an affirmative duty, by its nature, implies a proactive responsibility to assess the risks of harm presented by given circumstances and to take reasonable preventive measures in advance of harm occurring, not simply to respond to harms only after they occur.** *Cf. Farmer v. Brennan,* 511 U.S. 825, 845 (1994) (observing that deliberate indifference showing in parallel Eighth Amendment context "does not require a prisoner seeking a remedy for unsafe conditions to await a tragic event such as an actual assault before obtaining relief" (internal quotation marks and brackets omitted)).

*See also*: O'Malley et al., FJI Civil Companion Handbook (2015-2016) §9:4

# INSTRUCTION NO. 14

If you find in favor of a plaintiff, you must award her an amount of money that will fairly compensate her for any damages you find she sustained as a direct result of the violation of that plaintiff's constitutional rights. You should consider the following elements of damages:

> The physical pain and emotional suffering that plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, and whether the injury is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.


Tendered by Plaintiff

8th Circuit Model Jury Instructions, 4.70

## VERDICT B

**Note:**        Complete this form by writing in the names required by your verdict.

On Plaintiff Kayla Walker's claim against defendant Lincoln County, as submitted in Instruction No. __16__ we find in favor of:

_____

(Plaintiff Kayla Walker)        or        (Defendant Lincoln County)

**Note:**        Complete the following paragraphs only if the above finding is in favor of the Plaintiff.

We find Plaintiff Kayla Walker's damages to be:

$_____(state the amount or, if none, write the word "none")

_____

Foreperson

Dated: _____

Tendered by Plaintiffs

8th Circuit Model Jury Instructions, 4.80

INSTRUCTION NO. _____20_____

Instructions _____21_____ through _____22_____ and general instructions

_____1_____ through _____13_____ apply to Plaintiff Keirsten Sooter's claim of

violation of her constitutional rights. Use Verdict Form C to return your verdict on this claim.

INSTRUCTION NO. 2⨀

Plaintiff Keirsten Sooter claims to have been injured as a result of Defendant Lincoln

County's failure to properly supervise Scott Edwards as Drug Court Tracker and that this alleged

failure may be considered the official policy of Defendant Lincoln County.

Your verdict will be for Plaintiff Keirsten Sooter and against Defendant Lincoln County

only if you find that:

*First*: The Lincoln County Sheriff, as policy maker for Defendant Lincoln County, was

responsible for supervising Scott Edwards as Drug Court Tracker; and

*Second*: Defendant Lincoln County's supervision of Scott Edwards as Drug Court

Tracker was inadequate; and

*Third*: The need for supervision by Defendant Lincoln County was so obvious, and the

inadequacy so likely to result in the violation of Plaintiff Keirsten Sooter's constitutional rights,

that the policy maker for Defendant Lincoln County can reasonably be said to have been

"deliberately indifferent" to the need for such supervision; and

*Fourth*: The failure of Defendant Lincoln County to supervise Scott Edwards as Drug

Court Tracker was the cause of the injuries to Plaintiff Keirsten Sooter.

If any of the above elements have not been proved by the greater weight of the evidence,

then your verdict must be for Defendant Lincoln County, Missouri.

The definition of "deliberate indifference" to the rights of others is the conscious or

reckless disregard of the consequences of one's acts or omissions. Deliberate indifference

requires more than negligence or ordinary lack of due care.

Tendered by Plaintiff

Based on Eighth Circuit Model Jury Instructions 4.10 and O'Malley et al., Fed. Jury Prac &
Instructions Civil (6th ed.) §165.27—Failure to Train.

In element second Plaintiffs have substituted for the O'Malley language "so likely to result in the

violation of constitutional rights", the language "so likely to create a risk of the violations of constitutional rights". Plaintiffs make this substitution because of the language in *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014). A municipality [may be] liable for a risk it *should have* known even if all of its employees in supervisory roles *did not* know of the risk and are thus not liable. *Compare Canton,* 489 U.S. at 390 & n. 10, 109 S.Ct. 1197 (explaining a municipality may be liable because the risk was "obvious" or "must have been plainly obvious"), *and id.* at 396, 109 S.Ct. 1197 (O'Connor, J., concurring and dissenting) (emphasizing that "actual or constructive notice" is enough).

As to the elements, see the oft cited case: *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992):

> To establish liability under *City of Canton,* "the plaintiff must prove ... that the training program at issue is inadequate to the tasks that officers must perform; that the inadequacy is the result of the city's deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Hill v. McIntyre,* 884 F.2d 271, 275 (6th Cir.1989) (citing *City of Canton*).

Plaintiffs note that there is no requirement to identify the policy makers, or affirmatively prove what they did not know. See bold sections below from *Cash v. Cnty. of Erie*, allowing constructive notice and requiring personnel from the County to be proactive.

Definition of "deliberate indifference", O'Malley et al., Fed. Jury Prac & Instructions Civil (6th ed.) §165.41

1-8 Silver, Police Civil Liability §8.07[8] (Matthew Bender revised edition)—Supervisory Liability and Municipal Liability

1-8 Silver, Police Civil Liability §8.08[b][i] (Matthew Bender revised edition)—"Practice" as Policy

1-8 Silver, Police Civil Liability §8.08[b][iv] (Matthew Bender revised edition)—Informal Policy or Custom

1-8 Silver, Police Civil Liability §8.08[d] (Matthew Bender revised edition)—"Systemic Deficiencies" (Among the great difficulties of applying a "policy or custom" analysis is the question whether a municipality may be held liable for deprivation of constitutional rights caused by a concatenation of policies and practices, perhaps by different agencies. In this situation, it is uncertain whether any particular policy violated a right and, indeed, just which municipal agency or official "caused" the deprivation. Although liability may be conceptually difficult to justify, courts have held that an employer may be sued in these situations. (internal citations omitted))

*S.M. v. Krigbaum,* No. 14-3704 at 8 (8th Cir. Dec. 9, 2015) ("The Drug Court's multi-agency membership resulted in significant confusion and ignorance regarding who was supervising Edwards on a day-to-day basis when he served as tracker.")

*City of Canton v. Harris,* 489 U.S. 3787, 388 (1989).

*Ware v. Jackson County, Mo.,* 150 F.2d 873, 882-884 (8th Cir. 1989).

*See also Cash v. Cnty. of Erie,* 654 F.3d 324, 334 (2d Cir. 2011):

> A municipal policy may be pronounced or tacit and reflected in either action or inaction. In the latter respect, a "city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution." *Connick v. Thompson,* 131 S. Ct. 1350, 1360 (2011) (internal quotation marks omitted); *see also City of Canton v. Harris,* 489 U.S. 378, 396 (1989) (O'Connor, J., concurring in part and dissenting in part) ("**Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied**"). Consistent with this principle, "where a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 126 (2d Cir.2004) (Sotomayor, J.) (internal quotation marks omitted).
>
> Deliberate indifference may be inferred where "the need for more or better supervision to protect against constitutional violations was obvious," *Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995), but the policymaker "fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs," *Reynolds v. Giuliani,* 506 F.3d 183, 192 (2d Cir.2007); *see also Board of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 407 (1997) (holding that deliberate indifference requires proof that "municipal actor disregarded a known or obvious consequence of his action" (internal quotation marks omitted)); *Walker v. City of New York,* 974 F.2d 293, 297–98 (2d Cir.1992) (framing deliberate indifference inquiry in three parts: (1) policymaker knows "to a moral certainty" that its employees will confront a given situation; (2) either situation presents employees with difficult choice that will be made less so by training or supervision, or there is a record of employees mishandling situation; and (3) wrong choice by employees will frequently cause deprivation of constitutional rights (internal quotation marks omitted)).
>
> The existence of an affirmative duty to protect does not mean that any harm that befalls a person in state custody necessarily manifests a municipal policy of deliberate indifference to prisoner safety. **But an affirmative duty, by its nature, implies a proactive responsibility to assess the risks of harm presented by given circumstances and to take reasonable preventive measures in advance of harm occurring, not simply to respond to harms only after they occur.** *Cf. Farmer v. Brennan,* 511 U.S. 825, 845 (1994) (observing that deliberate indifference showing in parallel Eighth Amendment context "does not require a prisoner seeking a remedy for unsafe conditions to await a tragic event such as an actual assault before obtaining relief" (internal quotation marks and brackets omitted)).

*See also*: O'Malley et al., FJI Civil Companion Handbook (2015-2016) §9:4

# INSTRUCTION NO. 21

If you find in favor of a plaintiff, you must award her an amount of money that will fairly compensate her for any damages you find she sustained as a direct result of the violation of that plaintiff's constitutional rights. You should consider the following elements of damages:

> The physical pain and emotional suffering that plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, and whether the injury is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

Tendered by Plaintiff

8th Circuit Model Jury Instructions, 4.70

## **VERDICT C**

**Note:**        Complete this form by writing in the names required by your verdict.

On Plaintiff Keirsten Sooter's claim against defendant Lincoln County, as submitted in Instruction No. $\underline{2}$ we find in favor of:

_____
             (Plaintiff Keirsten Sooter)        or         (Defendant Lincoln County)

**Note:**        Complete the following paragraphs only if the above finding is in favor of the Plaintiff.

We find Plaintiff Keirsten Sooter's damages to be:

$_____(state the amount or, if none, write the word "none")

_____
Foreperson

Dated: _____

Tendered by Plaintiffs

8th Circuit Model Jury Instructions, 4.80

INSTRUCTION NO. __23__

Instructions __24__ through __25__ and general instructions

__1__ through __13__ apply to Plaintiff Lisa Mangold's claim of

violation of her constitutional rights. Use Verdict Form D to return your verdict on this claim.

INSTRUCTION NO. 24

Plaintiff Lisa Mangold claims to have been injured as a result of Defendant Lincoln County's failure to properly supervise Scott Edwards as Drug Court Tracker and that this alleged failure may be considered the official policy of Defendant Lincoln County.

Your verdict will be for Plaintiff Lisa Mangold and against Defendant Lincoln County only if you find that:

*First*: The Lincoln County Sheriff, as policy maker for Defendant Lincoln County, was responsible for supervising Scott Edwards as Drug Court Tracker; and

*Second*: Defendant Lincoln County's supervision of Scott Edwards as Drug Court Tracker was inadequate; and

*Third*: The need for supervision by Defendant Lincoln County was so obvious, and the inadequacy so likely to result in the violation of Plaintiff Lisa Mangold's constitutional rights, that the policy maker for Defendant Lincoln County can reasonably be said to have been "deliberately indifferent" to the need for such supervision; and

*Fourth*: The failure of Defendant Lincoln County to supervise Scott Edwards as Drug Court Tracker was the cause of the injuries to Plaintiff Lisa Mangold.

If any of the above elements have not been proved by the greater weight of the evidence, then your verdict must be for Defendant Lincoln County, Missouri.

The definition of "deliberate indifference" to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care.

Tendered by Plaintiff

Based on Eighth Circuit Model Jury Instructions 4.10 and O'Malley et al., Fed. Jury Prac & Instructions Civil (6th ed.) §165.27—Failure to Train.

In element second Plaintiffs have substituted for the O'Malley language "so likely to result in the

violation of constitutional rights", the language "so likely to create a risk of the violations of constitutional rights". Plaintiffs make this substitution because of the language in *Walton v. Dawson,* 752 F.3d 1109, 1118 (8th Cir. 2014). A municipality [may be] liable for a risk it *should have* known even if all of its employees in supervisory roles *did not* know of the risk and are thus not liable. *Compare Canton,* 489 U.S. at 390 & n. 10, 109 S.Ct. 1197 (explaining a municipality may be liable because the risk was "obvious" or "must have been plainly obvious"), *and id.* at 396, 109 S.Ct. 1197 (O'Connor, J., concurring and dissenting) (emphasizing that "actual or constructive notice" is enough).

As to the elements, see the oft cited case: *Russo v. City of Cincinnati,* 953 F.2d 1036, 1046 (6th Cir. 1992):

> To establish liability under *City of Canton,* "the plaintiff must prove ... that the training program at issue is inadequate to the tasks that officers must perform; that the inadequacy is the result of the city's deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Hill v. McIntyre,* 884 F.2d 271, 275 (6th Cir.1989) (citing *City of Canton*).

Plaintiffs note that there is no requirement to identify the policy makers, or affirmatively prove what they did not know. See bold sections below from *Cash v. Cnty. of Erie,* allowing constructive notice and requiring personnel from the County to be proactive.

Definition of "deliberate indifference", O'Malley et al., Fed. Jury Prac & Instructions Civil (6th ed.) §165.41

1-8 Silver, Police Civil Liability §8.07[8] (Matthew Bender revised edition)—Supervisory Liability and Municipal Liability

1-8 Silver, Police Civil Liability §8.08[b][i] (Matthew Bender revised edition)—"Practice" as Policy

1-8 Silver, Police Civil Liability §8.08[b][iv] (Matthew Bender revised edition)—Informal Policy or Custom

1-8 Silver, Police Civil Liability §8.08[d] (Matthew Bender revised edition)—"Systemic Deficiencies" (Among the great difficulties of applying a "policy or custom" analysis is the question whether a municipality may be held liable for deprivation of constitutional rights caused by a concatenation of policies and practices, perhaps by different agencies. In this situation, it is uncertain whether any particular policy violated a right and, indeed, just which municipal agency or official "caused" the deprivation. Although liability may be conceptually difficult to justify, courts have held that an employer may be sued in these situations. (internal citations omitted))

*S.M. v. Krigbaum,* No. 14-3704 at 8 (8th Cir. Dec. 9, 2015) ("The Drug Court's multi-agency membership resulted in significant confusion and ignorance regarding who was supervising Edwards on a day-to-day basis when he served as tracker.")

*City of Canton v. Harris,* 489 U.S. 3787, 388 (1989).

*Ware v. Jackson County, Mo.,* 150 F.2d 873, 882-884 (8th Cir. 1989).

*See also Cash v. Cnty. of Erie,* 654 F.3d 324, 334 (2d Cir. 2011):

> A municipal policy may be pronounced or tacit and reflected in either action or inaction. In the latter respect, a "city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution." *Connick v. Thompson,* 131 S. Ct. 1350, 1360 (2011) (internal quotation marks omitted); *see also City of Canton v. Harris,* 489 U.S. 378, 396 (1989) (O'Connor, J., concurring in part and dissenting in part) ("**Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of** *Monell* **are satisfied**"). Consistent with this principle, "where a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 126 (2d Cir.2004) (Sotomayor, J.) (internal quotation marks omitted).
>
> Deliberate indifference may be inferred where "the need for more or better supervision to protect against constitutional violations was obvious," *Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995), but the policymaker "fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs," *Reynolds v. Giuliani,* 506 F.3d 183, 192 (2d Cir.2007); *see also Board of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 407 (1997) (holding that deliberate indifference requires proof that "municipal actor disregarded a known or obvious consequence of his action" (internal quotation marks omitted)); *Walker v. City of New York,* 974 F.2d 293, 297–98 (2d Cir.1992) (framing deliberate indifference inquiry in three parts: (1) policymaker knows "to a moral certainty" that its employees will confront a given situation; (2) either situation presents employees with difficult choice that will be made less so by training or supervision, or there is a record of employees mishandling situation; and (3) wrong choice by employees will frequently cause deprivation of constitutional rights (internal quotation marks omitted)).
>
> The existence of an affirmative duty to protect does not mean that any harm that befalls a person in state custody necessarily manifests a municipal policy of deliberate indifference to prisoner safety. **But an affirmative duty, by its nature, implies a proactive responsibility to assess the risks of harm presented by given circumstances and to take reasonable preventive measures in advance of harm occurring, not simply to respond to harms only after they occur.** *Cf. Farmer v. Brennan,* 511 U.S. 825, 845 (1994) (observing that deliberate indifference showing in parallel Eighth Amendment context "does not require a prisoner seeking a remedy for unsafe conditions to await a tragic event such as an actual assault before obtaining relief" (internal quotation marks and brackets omitted)).

*See also*: O'Malley et al., FJI Civil Companion Handbook (2015-2016) §9:4

INSTRUCTION NO. 25

If you find in favor of a plaintiff, you must award her an amount of money that will fairly compensate her for any damages you find she sustained as a direct result of the violation of that plaintiff's constitutional rights. You should consider the following elements of damages:

> The physical pain and emotional suffering that plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, and whether the injury is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.


Tendered by Plaintiff
8th Circuit Model Jury Instructions, 4.70

## **VERDICT D**

**Note:**       Complete this form by writing in the names required by your verdict.

On Plaintiff Lisa Mangold's claim against defendant Lincoln County, as submitted in Instruction No. $\underline{24}$ we find in favor of:

_____

(Plaintiff  Lisa Mangold)          or          (Defendant Lincoln County)

**Note:**       Complete the following paragraphs only if the above finding is in favor of the Plaintiff.

We find Plaintiff Lisa Mangold's damages to be:

$\$$_____(state the amount or, if none, write the word "none")


_____

Foreperson

Dated: _____

Tendered by Plaintiffs

8th Circuit Model Jury Instructions, 4.80